**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 14 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CANADIAN COUNTY WATER
AUTHORITY; CANADIAN COUNTY
RURAL WATER, SEWER, and
SOLID WASTE MANAGEMENT,
District #3,

        Plaintiffs-Appellants,

v.

CITY OF UNION; THE UNION
CITY MUNICIPAL AUTHORITY,
a public trust,

        Defendants-Appellees.

No. 99-6217
(D.C. No. 98-CV-1591-M)
(W.D. Okla.)

ORDER AND JUDGMENT  *

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Canadian County Water Authority and Canadian County Rural Water, Sewer and Solid Waste Management District #3 (collectively, "CCWA") are a rural water association that provides water services to customers in Canadian County, Oklahoma. CCWA brought suit for declaratory and injunctive relief against defendants City of Union City and Union City Municipal Authority (collectively, "Union City"). CCWA claimed that Union City was infringing on CCWA's exclusive rights under 7 U.S.C. § 1926(b) by providing water to a juvenile detention facility located in CCWA's service district. On cross-motions for summary judgment, the district court granted summary judgment to Union City.

At issue on appeal is whether CCWA qualified for the protection from encroachment on water service provided by 7 U.S.C. § 1926(b) at the time Union City began providing water service to the juvenile detention facility. The district court concluded that CCWA did not qualify for protection under § 1926(b). We review the grant of summary judgment de novo, applying the same standard as the district court under Fed. R. Civ. P. 56(c). *See Sequoyah County Rural Water Dist. No. 7 v. Town of Muldrow,* 191 F.3d 1192, 1196 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 1532, *and cert. denied*, 120 S. Ct. 1548 (2000).

The material facts are not in dispute. As part of the Consolidated Farm and Rural Development Act, 7 U.S.C. §§ 1921-2009n, Congress authorized the Secretary of Agriculture to make and insure loans to nonprofit water service associations for "the conservation, development, use, and control of water." 7 U.S.C. § 1926(a)(1). Congress also authorized the Secretary to make grants to such associations "to finance specific projects for works for the development, storage, treatment, purification, or distribution of water." *Id.* § 1926(a)(2).

In June 1980, CCWA obtained two loans from the Farmers Home Administration (FmHA) [1] pursuant to § 1926(a)(1) to fund the costs of developing its water system. CCWA executed two promissory notes to the FmHA and secured the notes with mortgages in favor of the FmHA. CCWA also obtained two grants from the FmHA in June 1980 "for the purpose only of defraying a part . . . of the development costs." Appellant's App. at 125, 130. The first grant was obtained pursuant to § 1926(a)(2), while the second grant was obtained pursuant to an entirely different statute. In 1987, CCWA took advantage of a federal buy-out option and repurchased its two loans from the FmHA at a discounted rate. The loans were considered paid in full, and the FmHA executed and recorded

---

[1] Although the FmHA is now known as the Rural Utilities Service, *see* 7 C.F.R. § 1780.3(a), we will refer to the agency as the FmHA throughout this order and judgment to avoid any confusion.

satisfactions of both its liens securing those notes.  CCWA did not thereafter borrow any funds from the FmHA or any other federal agency.

As a result, when Union City began providing water service to the juvenile detention facility in 1998, CCWA had no outstanding loans with the FmHA.  This fact is significant because 7 U.S.C. § 1926(b) provides protection to rural water associations from encroachment by other competitors within their service districts as follows:

> The service provided or made available through any such [rural water] association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan . . . .

"The legislative history of section 1926(b) demonstrates that Congress intended to protect rural water districts from competition in order to encourage rural water development."  *Sequoyah County Rural Water Dist.,* 191 F.3d at 1196 (quotation omitted).  "In addition, § 1926(b) was intended to provide greater security for the federal loans made under the program."  *Id.* (quotation omitted).  As the Fourth Circuit recently explained, "[t]he protection afforded by § 1926(b) is meant to secure outstanding notes against default by protecting the income of the notes' issuer."  *Bell Arthur Water Corp. v. Greenville Utils. Comm'n*, 173 F.3d 517, 523 (4th Cir. 1999).

CCWA does not dispute that it lost the protection of § 1926(b) afforded by its two loans when it repurchased those loans from the FmHA in 1987. *See Sequoyah County Rural Water Dist.*, 191 F.3d at 1200. Rather, CCWA contends that it continues to qualify for protection from competition under § 1926(b) because it received grants from the FmHA in 1980, which it could be called upon to repay if it were to violate the terms and conditions of the grants. CCWA cites no authority for its contention and we know of none; the issue appears to be one of first impression. The district court concluded that CCWA's grants did not qualify it for protection under § 1926(b) and, therefore, entered judgment for Union City.

To determine whether CCWA qualifies for protection under § 1926(b) by reason of its grants, we begin with the language of the statute itself. *See Glenpool Util. Servs. Auth. v. Creek County Rural Water Dist. No. 2*, 861 F.2d 1211, 1214 (10th Cir. 1988). "When, as in this case, the statute is unambiguous and free of irrational result, that language controls." *Id.* The language of § 1926(a)(1)-(19) establishes that Congress intended the term "loan" and the term "grant" to be distinct. For instance, the Secretary's authority to make loans and grants to rural water associations derives from two separate subsections, and the subsection authorizing the Secretary to make grants places various restrictions on that authority that are not present in the subsection authorizing the Secretary to

make loans. *Compare* § 1926(a)(1) *with* § 1926(a)(2). In truth, virtually every subsection of § 1926(a) makes an explicit distinction between a loan and a grant.

With this distinction in mind, we examine the language of § 1926(b), which provides that "[t]he service provided or made available through any such [rural water] association shall not be curtailed or limited . . . *during the term of such loan*." 7 U.S.C. § 1926(b) (emphasis added). This language is clear and unambiguous: the protection of § 1926(b) extends only during the term of a *loan* from the FmHA. Therefore, under the plain language of the statute, once CCWA retired its loans with the FmHA in 1987, it lost the protection of § 1926(b). Accordingly, Union City did not violate § 1926(b) when it began supplying water to the juvenile detention facility in 1998.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge